Frank Del Vecchio, J.
This is a motion in an action brought under the Federal Employers’ Liability Act (IT. S. Code, tit. 45, § 51, et -seq.) for an order requiring defendant to produce and permit plaintiff to inspect and make copies of a certain statement and medical reports.
*225 On January 20, 1955 plaintiff was injured while in the course of his employment and was treated by a physician paid by the defendant.
Plaintiff alleges that he signed a written statement concerning the accident for one of defendant’s employees; that immediately after the accident he received medical care and treatment from defendant’s physician who submitted all medical reports to defendant and that plaintiff desires copies of said statement and reports to prepare for trial and particularly to establish the date of the accident.
Defendant denies that it ever obtained from plaintiff a written statement concerning the accident and has submitted with the answering affidavit an affidavit of the physician who treated plaintiff, setting forth that he first examined plaintiff on January 20, 1955 at 9:00 p.m., at which time plaintiff told the affiant that at about 7:30 p.m;., on January 20, 1955 “ while he was pulling an air hose with a wrench he experienced a sudden pain in the low back over the sacral area. ’ ’
Since defendant does not have in its possession a written statement signed by plaintiff it is not necessary to decide whether he would be entitled to inspect and make a copy if one had been signed.
As to the medical report, plaintiff cites Wilhelm v. Abel (1 A D 2d 55) and Totoritus v. Stefan (6 A D 2d 123) in which the Third and First Departments respectively have held that a plaintiff is entitled to inspect and make copies of signed statements made by the plaintiff to a defendant’s investigator, and by analogy claims that these decisions should be extended to permit plaintiff to inspect and make copies of the physician’s records and reports in the present case.
It is not necessary for the court to decide whether the extension urged by plaintiff can or should be made. It may well be that the views expressed in the cases cited would not be approved by the Appellate Division of this Department, which in Swiatlowski v. Kasprzyk (3 A D 2d 261) refused to follow a decision of the Third Department granting plaintiff a copy of the report of a physical examination had at the request of the defendant. (Del Ra v. Vaughan, 2 A D 2d 156.)
The present case contains circumstances, however, which are rather unique and which in the opinion of the court entitle the plaintiff to the relief sought. Here the reporting physician, although paid by defendant, was actually plaintiff’s attending physician for the injuries in question. He examined and treated the plaintiff, and the observations which he made were primarily *226 for the purpose of assisting his injured patient, rather than for the purpose of rendering an expert opinion to the defendant in connection with settlement or trial of a claim against the railroad. In view of these facts,, which distinguish the case from the Swiatlowski decision cited above, plaintiff should have a copy of the reports made by Dr. Beidel.
Order accordingly.